# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 13th day of December, two thousand four.

PRESENT: HON. JAMES L. OAKES,
         HON. DENNIS JACOBS,
         HON. JOSÉ A. CABRANES
                    Circuit Judges.

- - - - - - - - - - - - - - - - -X

Terry Portee,

     Petitioner-Appellant,

-v.-                                       03-2684

John Armstrong and Stan Young,

     Respondents-Appellees.
- - - - - - - - - - - - - - - - -X

APPEARING FOR APPELLANT:   Robert J. Boyle, New York, New York

ISSUED AS MANDATE: APR 1 2005

**APPEARING FOR APPELLEE:**	Michael E. O'Hare,
Supervisory Assistant
State's Attorney, Rocky
Hill, Connecticut

Appeal from the United States District Court for the District of Connecticut (Hall, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court is **AFFIRMED** and the petition is **DENIED**.

Terry Portee appeals from an order entered in the United States District Court for the District of Connecticut (Hall, J.) on December 27, 2003, dismissing Portee's petition for a writ of habeas corpus. It is assumed that the parties are familiar with the facts, the procedural context, and the specification of the issues on appeal.

The court has jurisdiction over the appeal pursuant to 28 U.S.C. § 2253.

This court reviews de novo a district court denial of habeas relief. Bobb v. Senkowski, 196 F.3d 350, 352 (2d Cir. 1999). The underlying state court decision is reviewed pursuant to 28 U.S.C. 2254(d)(1) [AEDPA], under which habeas relief is appropriate only if the state court's determination was either "contrary to" or "an unreasonable application of" "clearly established" Supreme Court precedent. Id. When a state court expressly engages in harmless error review, we assess whether the state court unreasonably applied the standard in Chapman v. California, 386 U.S. 18, 24 (1967), requiring that error be harmless beyond a reasonable doubt. Gutierrez v. McGinnis, ___ F.3d ___, 2004 WL 2579235 (2d Cir. 2004).

Here, the state court expressly ruled that, even if Portee's rights were violated, any such error was

harmless beyond a reasonable doubt. We need not decide whether Portee's rights under the confrontation clause were violated because in any event, for substantially the reasons the reasons stated by the district court, the determination by the state court that any such violation was harmless was not unreasonable. See Fuller v. Gorczyk, 273 F.3d 212, 220 (2d Cir. 2001).

For the foregoing reasons, the district court's judgment is **AFFIRMED** and the petition is **DENIED**.

FOR THE COURT:
ROSEANN B. MACKECHNIE, CLERK
By:

_____
Oliva M. George, Deputy Clerk

A TRUE COPY
ROSEANN B. MacKECHNIE, CLERK